# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FELIPE VALERIO PLASENCIA, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> JEFF GRONDOLSKY, Warden, ) <br> ) <br> Respondent. ) <br> ) | Criminal Action No. <br> 18-10121-FDS |

# MEMORANDUM AND ORDER
# ON PETITION FOR A WRIT OF HABEAS CORPUS

**SAYLOR, J.**

This is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and the savings clause of 28 U.S.C. § 2255. On November 18, 2003, petitioner Felipe Valerio Plasencia pleaded guilty in the Eastern District of Virginia to possession with intent to distribute cocaine, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a felon. He was sentenced to a 300-month term of incarceration followed by a three-year term of supervised release. He is presently incarcerated at the Federal Medical Center Devens in Ayer, Massachusetts.

The petition contends that *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), warrant resentencing, because under those authorities his two prior state convictions no longer qualify as predicate offenses for the career-offender enhancement. For the reasons set forth below, the motion will be denied.

## I. Procedural Background

On October 16, 2003, a grand jury in the Eastern District of Virginia returned a superseding indictment charging Felipe Valerio Plasencia with four counts: (Count 1) possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); (Count 2) conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841 and 846; (Count 3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and (Count 4) possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). On November 18, 2003, he pleaded guilty to Counts 1, 3, and 4.

At the sentencing hearing on February 6, 2004, Plasencia's attorney contended that the career-offender enhancement under § 4B1.1 of the United States Sentencing Guidelines should not apply, because Plasencia's two prior controlled-substance convictions under New York state law did not qualify as controlled-substance offenses under § 4B1.2(b). In response, the government contended that those convictions did qualify under the "categorical approach" set out in *Taylor v. United States*, 495 U.S. 575, 601 (1990). The District Court agreed with the government, concluded that Plasencia was a career offender, and imposed a sentence of 300 months of incarceration followed by three years of supervised release.

Plasencia filed a timely appeal with the Fourth Circuit challenging his career-offender classification and resulting sentence. On September 28, 2004, the Fourth Circuit rejected his challenge and affirmed the District Court's sentence. *United States v. Plasencia*, 109 Fed. Appx. 622 (2004).

On September 12, 2005, Plasencia filed a motion in the Eastern District of Virginia under 28 U.S.C. § 2255 challenging the sentencing decision on grounds of ineffective assistance of counsel. On March 30, 2006, the District Court in Virginia denied the motion.

In 2016 and 2017, Plasencia filed three petitions with the Fourth Circuit under 28 U.S.C. §§ 2255(h) and 2244 seeking an order authorizing the District Court to consider a second or successive application for relief under 28 U.S.C. § 2255. One of those petitions, filed on December 23, 2016, contended that the Supreme Court's decision in *Mathis* and the Fifth Circuit's decision in *Hinkle* warranted resentencing because his two prior state convictions no longer qualified as predicates for the career-offender enhancement. On January 12, 2017, the Fourth Circuit denied that petition.

On January 22, 2018, Plasencia filed the present petition to challenge his sentence under 28 U.S.C. § 2241 and the savings clause of § 2255. The petition contends that his two prior state convictions no longer qualify as controlled-substance offenses for purposes of the § 4B1.2(b) career-offender enhancement, and therefore resentencing is warranted.

## II.  Analysis

Because petitioner is proceeding *pro se*, his pleadings must be construed more leniently than those drafted by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, a petitioner's *pro se* status does not excuse him from complying with procedural and substantive requirements of the law. *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

Under 28 U.S.C. § 2255, a petitioner who contends that his "sentence was imposed in violation of the Constitution or laws of the United States" may "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). It is well-settled that a petitioner normally must pursue any collateral attack by filing a § 2255 petition with the sentencing court, rather than filing a § 2241 petition in the district in which he is incarcerated. *United States v. Barrett*, 178 F.3d 34, 50 n.10 (1st Cir. 1999), *cert. denied*, 528 U.S. 1176

(2000); *see Rogers v. United States*, 180 F.3d 349, 357 n.15 (1st Cir. 1999) (motion under § 2255 is the "exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including construction of the sentence itself."); *Gonzalez v. United States*, 150 F. Supp. 2d 236, 241 (D. Mass. 2001). The relief requested may be granted on the grounds that the "petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). A petitioner bears the burden of establishing that he is entitled to relief under § 2255. *Id.*

Under the savings clause of § 2255, a petitioner can challenge the legality of his sentence through an application for a writ of habeas corpus under § 2241 only if it appears that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Barrett*, 178 F.3d at 38 (explaining that a petitioner "cannot evade the restrictions of § 2255 by resort[ing] to the habeas statute, 28 U.S.C. § 2241, or the All Writs Act, 28 U.S.C. § 1651"). Recourse to the savings clause is appropriate "in rare and exceptional circumstances," such as where the restrictions on § 2255 motions would result in a "complete miscarriage of justice." *Trenkler v. United States*, 536 F.3d 85, 99 (1st Cir. 2008) (quoting in part *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)). A "miscarriage of justice" is defined as "only those 'extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" *Id.* (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)).

The First Circuit has not articulated the full scope of circumstances under which the savings clause could apply. However, it has recognized that the savings clause "has most often been used as a vehicle to present an argument that, under a Supreme Court decision" as to the meaning of a criminal statute, "a prisoner is not guilty within the new meaning attributed to the

4

statute." *Sustache-Rivera v. United States*, 221 F.3d 8, 16 (1st Cir. 2000). Therefore, "[m]ost courts have required a credible allegation of actual innocence to access the savings clause." *Trenkler*, 536 F.3d at 99; *see Barrett*, 178 F.3d at 52-53 (discussing availability of § 2241 where a petitioner claims "actual innocence").

### A. <u>Lack of Jurisdiction</u>

The habeas claims here are not properly brought in the District of Massachusetts. Petitioner's contention that his career-offender classification is incorrect under *Mathis* involves the validity of his sentence, rather than the execution. A claim involving the validity of the sentence falls squarely under 28 U.S.C. § 2255. Again, it is well-settled that a § 2255 petition must be brought in the district court where the petitioner was sentenced. *See* 28 U.S.C. § 2255; *United States v. Barrett*, 178 F.3d 34, 50 n.10 (1st Cir. 1999). This Court did not impose the sentence, and thus Massachusetts is not the proper venue for this petition.

Furthermore, Plasencia previously filed a § 2255 claim, and thus is precluded from filing a successive petition without first obtaining the approval of the appropriate appellate court, here the Fourth Circuit. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *Felker v. Turpin*, 518 U.S. 651, 657 (1996); *Trenkler*, 536 F.3d at 96. He sought approval from the Fourth Circuit to do this on three occasions, and each time the Fourth Circuit denied his petition. In fact, one of the petitions denied by the Fourth Circuit expressly relied on the *Mathis* and *Hinkle* cases as grounds for allowing a successive petition, which is the same argument made in this petition. Despite the Fourth Circuit's denial, he filed a nearly identical petition in this Court.

In sum, this Court lacks jurisdiction to entertain the petition. Because the Court does not have jurisdiction over the petition, it must either dismiss it or transfer it to the appropriate court of appeals. *See Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997) ("[A]" district court, faced

with an unapproved second or successive habeas petition, must either dismiss it, or transfer it to the appropriate court of appeals.") (internal citations omitted). Plasencia's request for a second or successive petition on the grounds that *Mathis* and *Hinkle* warrant resentencing is the same argument he makes here, was rejected by the Fourth Circuit on January 12, 2017. (1:03-cr-00400-CMH-1, Docket No. 67). Therefore, there is no reason to transfer this action.

B.    <u>**Savings Clause**</u>

Even if this Court had jurisdiction, the savings clause set forth in § 2255 does not apply to the petition. The savings clause is available in very limited circumstances. *See Trenkler*, 536 F.3d at 99. The petition contends that under *Mathis* and *Hinkle*, his two prior state convictions are no longer predicate offenses for the career-offender enhancement, and that neither case was available to him at the time of his sentencing and his initial post-conviction petition. However, the Supreme Court in *Mathis* made clear that the rule the Court applied was merely an application of its prior precedent in *Taylor*. *See Mathis*, 136 S. Ct. at 2251, 2257 ("*Taylor* set out the essential rule governing [the Armed Career Criminal Act ("ACCA")] cases more than a quarter century ago. . . . Our precedents make this a straightforward case. For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements."). *Mathis* did not state new law, but rather reaffirmed existing law. Therefore, although *Mathis* was decided after his sentencing hearing, initial habeas petition, and first §§ 2255 and 2241 petition, he had the opportunity to make this claim at earlier proceedings.

Furthermore, Plasencia has failed to demonstrate how the calculation of his sentence amounted to a "complete miscarriage of justice." *Trenkler v. United States*, 536 F.3d 85, 99. He contends that the district court erred in deeming him a career offender and if the court had properly calculated, he would have received a lesser sentence. That may well be true. This,

6

however, does not establish a miscarriage of justice within the meaning of the definition, employed by most courts, which usually requires that the convicted is "innocent of the crime." *See id.* For those reasons, the savings clause is not applicable to petitioner's claim.

## III.    Conclusion

Accordingly, for the reasons set forth above, petitioner's petition for a writ of habeas corpus under 28 U.S.C. §§ 2241 and 2255 is DENIED.

**So Ordered.**

Dated:  November 29, 2018

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge