UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FELIPE VALERIO PLASENCIA, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Criminal Action No. 18-10121-FDS |
| JEFF GRONDOLSKY, Warden, | ) ) ) | |
| Respondent. | ) ) ) | |

## ORDER ON CERTIFICATE OF APPEALABILITY

**SAYLOR, J.**

This is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and the savings clause of 28 U.S.C. § 2255. The Court has denied the petition.

A certificate of appealability will issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That standard is satisfied by "demonstrating that jurists of reason could disagree with the district court's resolution of [petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). That standard must be independently satisfied as to "each and every issue raised by a habeas petitioner." *See Bui v. DiPaolo*, 170 F.3d 232, 236 (1st Cir. 1999).

The Court concludes that jurists of reason could not disagree that this Court lacks jurisdiction to entertain Plasencia's petition. As explained more fully in the Court's November 29, 2018 order denying the petition, the District of Massachusetts is not the proper

venue for this petition, because it challenges the validity of his sentence, rather than the execution.  Accordingly, the petition must be brought in the district court where the petitioner was sentenced.  Furthermore, petitioner previously filed a § 2255 claim, and thus is precluded from filling a successive petition without first obtaining the approval of the appropriate appellate court, here the Fourth Circuit.  He sought approval from the Fourth Circuit to do this on three occasions, and each time the Fourth Circuit denied his petition.

Even if this Court had jurisdiction, a reasonable jurist could not disagree that the § 2255 savings clause is not applicable to petitioner's claim.  Among other things, petitioner has failed to demonstrate how the calculation of his sentence amounted to a complete miscarriage of justice.

In sum, jurists of reason could not disagree with this Court's resolution of the issues, or conclude that the issues presented are adequate to deserve encouragement to proceed further.  Accordingly, a certificate of appealability will not be granted as to the petition in its entirety.
**So Ordered.**

Dated:  November 29, 2018

/s/ F. Dennis Saylor IV
F. Dennis Saylor, IV
United States District Judge